# Birmingham Railway, Light & Power Co. *v.* Ayer.

### *Damages from Collision.*

(Decided April 15, 1915.    Rehearing denied May 20, 1915.
69 South. 56.)

1. *Street Railroads; Collision; Pleas; Sufficiency.*—Where the action was for injury to the occupant of an automobile because of collision with a street car, a plea which averred that the operator of an automobile drove from a place of safety onto the track with knowledge of the approach of the car, and in such close proximity thereto that no preventive effort on the part of those in charge of the car could have avoided the collision, is not bad for failing to use the word "negligently.".

2. *Appeal and Error; Harmless Error; Pleading.*—The sustaining of demurrers to a special plea is harmless error where the same defense

was available under the other pleas which were more general, and which went to the jury.

3. *Damages; Presumption; Dependency.*—Where it appeared that plaintiff's medical expenses had been paid, a judgment awarding compensation for expenses to which plaintiff, a woman, had been put for the healing of her injuries, will not be reversed on the theory that some one else upon whom plaintiff was dependent, may have paid the bill, since there is no presumption of a woman's dependency.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROW.

Action by Mrs. O. Ayer against the Birmingham Railway, Light & Power Company, for damages for personal injuries received in a collision between a street car and an automobile in which she was a passenger. Judgment for plaintiff and defendant appeals. Affirmed.

Transferred from Court of Appeals under the act creating said court.

TILLMAN, BRADLEY & MORROW, L. C. LEADBEATER, and J. A. SIMPSON, for appellant.

ERLE PETTUS, for appellee.

SAYRE, J.—(1, 2) Suit to recover damages for personal injuries sustained by appellee in consequence of a collision between an automobile in which she was riding and an electric street car operated by appellant. The automobile was being driven by its owner, one Harris, who was carrying appellee as a mere courtesy. Section 34 of the act of April 22, 1911 (Acts 1911, p. 649), imputes the negligence of the person operating or driving an automobile to the occupant in such circumstances, and a number of special pleas set up the contributory negligence of Harris. Several of these pleas went to the jury. We do not perceive why pleas 7 and 8 were held bad on demurrer unless, perhaps, it was because they did not contain the averment that the act

of Harris in driving on defendant's track was "negligently" done. In the pleas held good the act of Harris is characterized by this general descriptive term. Pleas 7 and 8 go further into detail than the rest. They allege, in substance, that Harris drove from a place of safety onto the track with knowledge of the danger from the approaching car and in such close proximity to the car that no preventive effort on the part of defendant's employees in charge of the car could have avoided the collision. The use of the word "negligently" sometimes serves an indispensable purpose, as where the facts alleged are such that from them the jury may or may not infer negligence. But pleas 7 and 8 aver a state of facts which show negligence as matter. of law, and there was no necessity that the pleader should state his conclusion. These pleas were good.—*B. R., L. & P. Co. v. Saxon,* 179 Ala. 136, 59 South. 584. However, the additional circumstances alleged in these pleas were such as were covered by the term "negligently" in the other pleas, and it seems very clear upon the record that defendant had the advantage of them. Hence the error as to these pleas was not harmful to defendant.

(3) Appellee sued as a person sui juris, claiming, among other things, compensation for the expenses to which she had been put for the healing of her injuries. Her physician testified that he had charged and been paid for his services, stating the amount. No question was made as to the reasonableness of the charge. But appellant insists that it was entitled to have the jury instructed as follows: "The court charges you that you cannot award anything for medical attention."

This on the theory that some one else upon whom appellee was dependant may have paid the bill for her, or, at any rate, that if some one else paid the bill, that

other person should sue for its recovery. The evidence does not disclose by whom the payment was made. Appellee was not a dependent, and presumptively, nothing to the contrary appearing, the medical services were rendered on her credit and she paid for them. We think there is nothing in this point.

No question has been raised concerning the constitutionality of the statute to which we have referred, and we intend nothing on that subject. No ruling as to that could avail appellant anything.

No reversible error appearing, the judgment will be affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.